## A. G. Penn v. J. J. Ott.

The sale of a right of preëmption acquired under the Act of Congress of the 4th of September, 1841, is null and void.

A right of preëmption and improvements on the public domain, are not susceptible of mortgage under the Code.

An order of seizure and sale on a mortgage of such objects, is a nullity.

The vendor's privilege on movables can only be exercised whilst such movables remain in the possession of the purchaser or where the vendor claims a preference on the price over the other creditors of the purchaser.

APPEAL from the District Court of St. Tammany, *Waterston*, J.

*Hennen & Penn*, for plaintiff and appellant. *J. R. Jones*, for defendant.

VOORHIES, J. This is an injunction to restrain the execution of an order of seizure and sale obtained by the defendant against *Abraham Penn*.

The property seized under this writ and advertised to be sold by the Sheriff, is described as " a certain pretended preëmption claim and improvements on the south west section No. 23, township No. 6, Range No. 10 east." The land on which the alleged right of preëmption existed, was purchased by the plaintiff from the United States, on the 13th of November, 1854, under a special Act of Congress, approved 1st August, 1854. The defendant transferred to *Abraham Penn* the right of preëmption and improvements, reserving a special mortgage to secure the payment of the price thereof.

The plaintiff alleges that the sale thus made was null and void, because the defendant could not, as he then owned 640 acres of land, acquire a right of preëmption to the land in question, under the Act of Congress of September 4th, 1841; and neither could *Abraham Penn* acquire such right, as he too owned 320 acres of land at the date of the sale. He further alleges, that the preëmption right and improvements thus conveyed to *Abraham Penn*, were seized and sold under an execution issued on the 21st of June, 1854, on a judgment rendered against him in favor of the Union Bank of Louisiana; that he held said judgment as transferree of said bank; and that in consequence of his prior seizure, as said property was not susceptible of mortgage, he was entitled to be paid out of the proceeds of the sale thereof, in preference to all the other creditors of the seized debtor. His petition concludes with a prayer for damages resulting from the illegal seizure, and to be declared to be the lawful owner of said land, &c.

The defendant avers in his answer, that he is the holder of a promissory note of *Abraham Penn* for the sum of $750, dated the 11th July, 1849, payable the 1st of January, 1851, with eight per cent. interest per annum thereon, from maturity until paid, and secured by mortgage and the vendor's privilege upon a certain tract of 160 acres of land, with the improvements thereon, upon which he alleges he had a right of preëmption. He avers, that the plaintiff's right to said land was acquired by virtue of this preëmption, and that he is, therefore, bound for the payment of the note of *Abraham Penn*, given for the price thereof. He therefore prays for the dissolution of the injunction, with twenty per cent. damages.

The injunction was dissolved, and the plaintiff appealed.

30

The record shows that, on the 11th of July, 1849, the defendant sold to *Abraham Penn* the following described property, viz:

"All the right, title, interest and claim of the vendor, in and to a preëmption right situated upon the south west quarter of section No. 23, township No. 6, south of range No. 10 east, acquired by the vendor under the provisions of the Act of Congress approved the 4th of September, 1841, and the certificate of the Register of the Land Office at Greensburg, Louisiana, dated 9th of May, 1848, and paraphed by me, Notary, even date with this act, together with the saw-mill, running two saws, and grist mill, all driven by water power, in the river Tchefuncta, with all the fixtures, appendages, blacksmith's shop, tools," &c.

The consideration stipulated was $2,000 cash and $3,000 in four promissory notes given by the vendee to the vendor, each for the sum of $750, payable on the 1st of January and 1st of July, 1850, and the 1st of January and 1st of July, 1851, with eight per cent. per annum interest thereon from maturity until paid, and to secure the payment thereof said property to remain specially mortgaged.

On the 10th of June, 1854, the defendant obtained a judgment against *Abraham Penn*, for a balance due on the first of these notes, to wit, $586 66, with eight per cent. per annum interest. *L. Klopman*, as endorsee of the second note, also obtained a judgment against *Abraham Penn*, for the use of *J. B. Byrne & Co.*

The order of seizure and sale enjoined in the present case, was obtained to enforce the payment of the third note, which matured on the 1st of January, 1851.

The right of preëmption and improvements in question, were seized as alleged under the judgment of the Union Bank, for the use of the plaintiff, and advertised on the 30th of June, 1854, to be sold by the Sheriff for cash, on the 2d of September, 1854. In the mean time, the plaintiff entered into an agreement with the defendant and *Klopman*, the other judgment creditors, whereby he stipulated to become the purchaser of the property thus levied upon, at twelve months credit, for a price sufficient to cover the special mortgages, and to amount to at least two-thirds of the appraised value thereof, and to give his separate bonds for the amount of each judgment. It was stipulated that the plaintiff should have the right to contest said bonds, or in other words to urge his right of preference to be paid out of the proceeds of said sale over the other creditors, in consequence of his prior seizure ; and that said agreement should not be considered as a waiver of any legal right which either party had on the property. Said property was accordingly adjudicated to the plaintiff for the price of $3,656, for which he executed his two twelve months bonds, one in favor of the defendant and the other in favor of *L. Klopman* for the use of *J. B. Byrne & Co.*, amounting in the aggregate to the sum of $1,805 66, with eight per cent. per annum interest thereon, from the 2d of September, 1854, and retained the residue in his own hands.

It has been repeatedly held by this court, that the sale of a right of preëmption acquired under the Act of Congress of the 4th of September, 1841, was null and void. See the case of *Arbour* v. *Nettles et al.*, recently decided by us, and the authorities there quoted.

But we consider it clear that a right of preëmption and improvements on the public domain, cannot be considered under our Code as an object susceptible of mortgage. It is not an immovable subject to alienation. C. C. 3256 ; 16

La. 234. Hence, it follows, as a necessary consequence, that the order of seizure and sale enjoined in the present case, must be considered as a mere nullity.

It is, however, contended by the defendant and appellee, that he is entitled to claim the vendor's privilege. We do not think the right, if it exists, can be exercised in the form of action to which he has resorted. The vendor's privilege on movables can only be exercised whilst such movables continue to remain in the possession of the purchaser, or where the vendor claims a preference on the price over the other creditors of the purchaser. But such right must be exercised seasonably and in the mode prescribed by law. C. C. 3194; 1 An. 80; 11 R. 140; C. P. 396, 401.

It is, therefore, ordered and decreed, that the judgment of the court below be reversed; that the injunction obtained in this case be reinstated and made perpetual; and that the defendant and appellee pay the costs of both courts.